

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
Western Division

FILED
JAN 2 6 2015
CLERK

Amica Mutual Insurance Company,

    Plaintiff,

v.

Case No. 15-5006

Patrons Cooperative Association,

    Defendant.

---

Steven L. Theesfeld #4255
Attorney for Plaintiff
2050 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402
(612) 338-6000
stheesfeld@yostbaill.com

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff Amica Mutual Insurance Company, by and through its counsel, YOST & BAILL, LLP, and for its Complaint states as follows:

### JURISDICTION & VENUE

1.     Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

2.     Venue is proper within this jurisdiction pursuant to 28 U.S.C. § 122 because the situs of the incident occurred in Pennington County, South Dakota.

### PARTIES

3.     That Plaintiff Amica Mutual Insurance Company is a foreign insurance company with its principal place of business located at 100 Amica Way, Lincoln, RI 02865, and is duly licensed by the State of South Dakota to sell insurance and conduct business in the State of South Dakota.

4. Upon information and belief, Defendant Patrons Cooperative Association is a South Dakota cooperative with its principal place of business at 4507 South Interstate 90 Service Road, Rapid City, SD 57703, with its registered agent as Mark Crosswait, 4507 I-90 Service Road, Rapid City, SD 57703.

5. At all times relevant, Amica Mutual Insurance Company issued a policy of insurance to Christine Black (hereinafter "Black"), which provided amongst other items, property damage coverage.

## ALLEGATIONS

6. On or about January 31, 2013, Defendant contracted with Black to deliver fuel oil for Black's home heating fuel tank and thereafter to install such fuel into the tank.

7. On or about January, 31, 2013, Defendant filled the tank with the wrong fuel and/or fuel mixture.

8. Filling the tank with the wrong fuel and/or fuel mixture caused the home heating system to disburse soot and smoke throughout the home causing extensive damage.

9. As a direct and proximate result of the improper servicing of the tank, Plaintiff paid property damage payments to its insured in an amount in excess of $75,000.

10. That by virtue of said payments, Plaintiff is subrogated to the rights of its insured against the Defendant herein in an amount in excess of $75,000.

## COUNT I – BREACH OF CONTRACT

11. Plaintiff realleges all prior paragraphs as though fully set forth herein.

12. Defendant Patrons entered into a contract with Black, whereby Patrons agreed to properly service Black's home heating fuel tank.

13. Black suffered damage when Patrons used the wrong fuel and/or fuel mixture in the tank, resulting in damage to Black's home and property.

14. Defendant's breached the contract when they failed to use the appropriate fuel and/or fuel mixture in Black's tank.

15. As a result of Patron's breach of contract by improperly servicing the tank, Black was damaged as described herein.

## COUNT II - NEGLIGENCE

16. Plaintiff realleges all prior paragraphs as though fully set forth herein.

17. At all times herein, Defendant had a duty to exercise reasonable care and workmanship in the servicing of Black's home heating fuel tank.

18. Defendant's failure to exercise reasonable care and workmanship in the servicing of the home heating fuel tank was negligent.

19. As a result of Patron's negligence, Black incurred a loss in an amount in excess of $75,000.

## COUNT III – BREACH OF EXPRESS AND IMPLIED WARRANTIES

20. Plaintiff realleges the preceding paragraphs as set forth hereinabove.

21. By holding itself out as especially qualified to perform work of this character, Defendant expressly and/or impliedly warranted that the work would be done in a reasonably good and workmanlike manner and would be fit for its intended use.

22. By participating in the servicing of the home heating fuel tank, Defendant expressly and/or impliedly warranted to Black that the tank would be serviced in a workmanlike manner and that it would be fit and adequate for its intended use.

23. Defendant breached said express and implied warranties by failing to provide Black with a properly serviced home heating fuel tank in a workmanlike manner and which was unfit and inadequate for its intended use.

24. As a result of Patron's breach, Black incurred a loss in an amount in excess of $75,000.

WHEREFORE, Plaintiff Amice Mutual Insurance Company prays for judgment against Defendant Patrons Cooperative Association in an amount in excess of $75,000.00, together with prejudgment interest thereon, costs and disbursements herein, and for such other and further relief as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES HEREIN**

Date: 1/15/15

Respectfully submitted,

Steven L. Theesfeld #4255
Attorney for Plaintiff
2050 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN  55402
(612) 338-6000
stheesfeld@yostbaill.com